IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) No. 12 C 8862 |
| v. | ) |
| | ) Judge John A. Nordberg |
| GEORGE E. ROBLES, *et. al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff J&J Sports Productions, Inc., a California corporation, filed a three-count complaint against George E. Robles and Flores Fruit Market, Inc. (collectively "defendants"). The complaint alleges that Robles is an officer, director, shareholder or principal of Flores Fruit Market, Inc., d/b/a La Cocina at 15 Park Street, Coal City, Illinois.

The complaint alleges that plaintiff was granted exclusive nationwide television distribution rights of a boxing match between Manny Pacquiao and Antonio Margarito held on November 13, 2010. Plaintiff entered into sub-licensing agreements with various commercial entities granting them the right to publicly show the fight to patrons in their establishments. Plaintiff alleges that defendants unlawfully intercepted the signal and showed the broadcast. Count I asserts a violation of 47 U.S.C. § 605.  Count II asserts a violation of 47 U.S.C. § 553. Count III is a claim for conversion under Illinois.  All three counts rest on the same factual allegations.

Plaintiff filed a motion for default (Dkt. # 9) in February after defendants failed to file an answer. Defendants, proceeding *pro se*, subsequently appeared and filed a response to the default motion as well as a motion to dismiss (Dkt. # 13). Defendants indicated in these filings that a family friend had been in contact with plaintiff's attorney in an attempt to work things out.  In May, this Court appointed counsel for defendants.  In August, counsel filed a second motion to dismiss pursuant to Rule 12(b)(6). (Dkt. # 24.)  This motion was briefed by the parties.

Given that defendants have now appeared and are represented by counsel, this Court denies plaintiff's motion for a default judgment.  There has been no prejudice by the short delay in defendants filing their appearance.  As defendants indicated, their friend had been in contact with plaintiff's attorney in the time before the answer was actually filed.  We therefore turn to the second motion to dismiss because it supersedes the first motion.

Defendants make three basic arguments. First, they argue that Count III should be dismissed because Illinois courts have not extended the tort of conversion to intangible property like television programing. (Defs. Mem. at 9-10 *citing Joe Hand Promotions, Inc. v. Lynch*, 822 F.Supp.2d 803, 809 (N.D. Ill. 2011) ("Illinois courts have not yet extended the tort of conversion to intangible property, like television programming.").) Plaintiff in its response brief stated that it did not oppose dismissal of this count based on this authority. (Pl. Resp. at 1 n.1.) Therefore, Count III will be dismissed.

Second, defendants argue plaintiff has not met the *Twombly* plausibility standard by alleging enough facts to show that Robles was an individual with supervisory capacity and control of Flores Fruit Market. (Defs. Mem. at 5.) Defendants complain that plaintiff has not alleged, for example, that Robles was present at the nightclub when the fight was shown. (*Id.* at 7.)

In its earlier response brief to the first motion to dismiss, plaintiff attached an Illinois Secretary of State report and a Coal City liquor license application showing that Robles is the president and owner of Flores Fruit Market which was operating a restaurant and fruit market at 15 E. Park Street in Coal City, Illinois. (Dkt. # 15 at 2.) In its complaint, plaintiff alleges generally that Robles had "supervisory capacity and control over the activities occurring within the establishment on November 13, 2010." (Cmplt. ¶ 9.) In their reply brief, defendants argue that the complaint should contain more facts; they suggest that plaintiff should proffer an affidavit showing that Robles was present in the restaurant on the night of the fight or that he charged a fee to watch the program or that he ran advertisements for it. (Defs. Reply at 4.)

We find that the question of whether and to what extent Robles may have been involved is a fact question that should be resolved through the discovery process. Plaintiff has provided evidence showing Robles was the owner of the establishment and thus presumably had control of its operations. If Robles has a contrary story to tell, for example that someone else behind his back intercepted the transmission, then he can develop this evidence through discovery and can then file (if appropriate) a motion for summary judgment.

Third, defendants argue that Count I should be dismissed because the complaint does not contain any allegation that the televised fight was transmitted interstate. (Defs. Mem. at 8.) In response, plaintiff asks that this Court take judicial notice that this fight (Pacquiao vs. Margarito) took place at Cowboys Stadium in Arlington, Texas. Plaintiff then argues that it is a reasonable inference that the televised fight was transmitted interstate to defendants in Illinois. (Pl. Resp. at 8.) We agree. This is sufficient for a motion to dismiss. Whether there was interstate transmission is a basic fact that the parties should be able to pin down quickly and easily in discovery. We see no need to have plaintiff file an amended complaint simply to insert the word "interstate."

In sum, plaintiff's motion for default (# 9) is denied. Defendants' first motion to dismiss (#13) is denied as moot. Defendants' second motion to dismiss (#24) is granted in part and denied in part. Count III is dismissed; the motion is denied as to Counts I and II. Defendants shall filed their answer by March 21, 2014. A status hearing is set for March 26, 2014. The parties shall prepare a proposed preliminary pretrial scheduling order and submit a copy to chambers two days before that hearing.

**ENTER:**

_____
**JOHN A. NORDBERG**
Senior United States District Court Judge

**DATED:** March 7, 2014